# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**FOREST TIRE & AUTO, LLC**                                                                                   **PLAINTIFF**

**VS.**                                                                    **CIVIL ACTION NO.** 3:20-cv-72-DPJ-FKB

**CATLIN SPECIALTY INSURANCE CO.,**
**ENGLE MARTIN & ASSOCIATES,**
**RIMKUS CONSULTING GROUP, INC., AND**
**LAWRENCE L. WEDDERSTRAND, P.E.**                                                          **DEFENDANTS**

## NOTICE OF REMOVAL

**TO:**   Ann R. Chandler, Esq.
Pittman, Roberts & Welsh, PLLC
410 South President Street
Post Office Box 22985
Jackson, MS 39225-2985

Without waiving any affirmative defenses or objections, including, but not limited to, Rule 12 defenses, Catlin Specialty Insurance Co. hereby removes this cause from the Circuit Court of Smith County, Mississippi (Cause Number 2019-256-1) to the United States District Court for the Southern District of Mississippi, Northern Division. In support of removal, Catlin submits the following.

1.  **Removal.** Catlin removes this cause to this Court pursuant to diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441 and 1446.

2.  **The State Court Action.** The state court action that is removed to this Court is styled, *Forest Tire & Auto, LLC v. Catlin Specialty Insurance Co., Engle Martin & Associates, Rimkus Consulting Group, Inc. and Lawrence L. Wedderstrand, P.E.*, Civil Action Number 2019-256-1, in the Circuit Court of Smith County, Mississippi. A copy of the initial pleadings

served on Catlin are attached as Exhibit "A." This matter arises out of an alleged breach of an insurance contract on a building insurance claim.

2. **Propriety of Removal.** This removal is proper under 28 U.S.C. Section 1441(a) & (b) and Section 1332 (diversity jurisdiction). Complete diversity of citizenship exists, and the amount in controversy appears to be in excess of $75,000.00. This action is properly removed under 28 U.S.C. § 1441 to the Southern District of Mississippi, Northern Division, as the district and division embracing the County Court of Smith County, Mississippi in which the state court action was pending.

3. **Diversity of Citizenship.** Complete diversity of citizenship exists here.

a. The Plaintiff, Forest Tire and Auto, LLC, is a Mississippi limited liability company, whose sole members and managers are residents and citizens of the state of Mississippi.

b. The Defendant, Catlin Specialty Insurance Co., is a Delaware insurance company with its principal place of business in Connecticut.

c. The Defendant, Engle Martin & Associates, LLC is a Georgia limited liability company with its principal place of business in Georgia. The sole member of the limited liability company is Cor Partners, Inc., which is a Missouri corporation with its principal place of business in Missouri.

d. Rimkus Consulting Group, Inc., is a Texas corporation with its principal place of business in Texas.

e. Contrary to the allegations of the Complaint, Lawrence L. Wedderstrand, P.E., is an individual resident of the State of Colorado and has been a resident of Colorado since before the Complaint was filed. Mr. Wedderstrand's Affidavit is attached as **Exhibit B**.[1]

---

[1] Presumably, Wedderstrand was named as a defendant solely to defeat diversity jurisdiction. Notwithstanding that subject matter jurisdiction exists based on the parties' diversity, Mr. Wedderstrand still is an improper defendant

No defendant shares residency with the Plaintiff for purposes of Diversity Jurisdiction. *See* 28 U.S.C.S. § 1441.  Therefore, the first requirement of diversity jurisdiction, complete diversity, is met.[2]

4.      **Amount in Controversy**.  The unverified state court Complaint asserts that the Plaintiff is entitled to damages for repair costs under the insurance policy, as well as attorneys fees, punitive damages and pre- and post-judgment interest for bad faith denial, conspiracy and negligence. [3]

The Plaintiff seeks insurance coverage benefits that exceed $75,000.  In addition to this amount, the Plaintiff demands attorney's fees, litigation costs, emotional distress damages, and punitive damages. *See* Complaint at 8.  As such, it is abundantly clear under both the "common sense test" *and* the facts in controversy that the amount in controversy exceeds the $75,000.00 jurisdictional requirement.[4]

As all parties are diverse in this matter and the jurisdictional amount in controversy is satisfied, subject matter jurisdiction is proper with this Court.

4.      **Timeliness.**  This notice of removal has been filed within thirty days after receipt of a copy of a paper which it could be ascertained that this cause of action is removable, as provided by 28 U.S.C. Section 1446.  The state court Complaint was filed on December 20, 2019, with service of process made upon some Defendants on January 8, 2019.

---

against whom the Plaintiff has no reasonable possibility of recovery. *See generally Williams v. Lafayette Ins. Co.*, 640 F. Supp. 686, 687 (N.D. Miss. 1986); *Goodwin v. Progressive Gulf Ins. Co.*, 2019 U.S. Dist. LEXIS 212519 (S.D. Miss. 2019).

[2] *Randle v. SmithKline Beecham Corp.,* 338 F. Supp. 2d 704, 706 (S. D. Miss. 2004); 28 U.S.C. § 1332.

[3] Claims for punitive damages generally are held to exceed the federal jurisdictional amount. See Complaint ¶54; see also e.g., *Farris v. Bevard*, 2015 U.S. Dist. LEXIS 82036, 2015 WL 3885501*1-2 (S.D. Miss. 2015) ("federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum.").

[4] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995).

5. **Consent to Removal by All Defendants.** All properly served Defendants have joined or consented, or will join or consent, to this removal. Upon information and belief, any other Co-Defendant would consent to removal.

6. **Notice to Others.** In accordance with 28 U.S.C. Section 1446(d), Catlin will promptly give notice to all parties in writing, and shall file a copy of the notice of removal with the Clerk of the state court.

Accordingly, Catlin Specialty Insurance Co. hereby removes this action to the United States District Court for the Southern District of Mississippi, Northern Division.

THIS the 5th day of February, 2020.

        **CATLIN SPECIALTY INSURANCE CO.**

        **PHELPS DUNBAR LLP**


        BY:  s/ *Kyle S. Moran*
             Kyle S. Moran MS Bar 10724
             Adam Harris MS Bar No.: 102955
             Derek J. Goff MS Bar 105304
             PHELPS DUNBAR LLP
             2602 13th Street, Suite 300
             Gulfport, Mississippi 39501
             Telephone: 228-679-1130
             Facsimile: 228-679-1131
             Email: kyle.moran@phelps.com
             Email: adam.harris@phelps.com
             Email: derek.goff@phelps.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2020, I electronically filed the above and foregoing with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed through the United States Postal Service, postage prepaid, a true and correct copy of the above and foregoing to the following:

Anthony Grayson
Smith County Circuit Clerk
P.O. Box 517
Raleigh, MS 39153

Ann R. Chandler, Esq.
Pittman, Roberts & Welsh, PLLC
410 South President Street
Post Office Box 22985
Jackson, MS 39225-2985
Attorneys for Plaintiff

This, the 5th day of February, 2020.

                                            s/ *Kyle S. Moran*