**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**FOREST TIRE & AUTO, LLC,**

**Plaintiff,**

**v.**

**Civil Action No. 3:20-CV-72-DPJ-FKB**

**CATLIN SPECIALTY INSURANCE COMPANY; ENGLE MARTIN & ASSOCIATES, LLC; RIMKUS CONSULTING GROUP, INC.; and LAWRENCE L. WEDDERSTRAND,**

**Defendants.**

# RIMKUS CONSULTING GROUP, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE OUT OF TIME

Defendant Rimkus Consulting Group, Inc. ("Rimkus"), respectfully submits this Response in Opposition to Plaintiff's Motion for Leave to File Response Out of Time (Doc. No. 18). Although Defendant Rimkus is amenable to allowing Plaintiff a *brief* extension of time to respond to the Rimkus Motion to Dismiss (determined at the Court's discretion), Rimkus objects to Plaintiff's request for such an unjustifiably long delay. The jurisdictional discovery Plaintiff seeks is simply not germane to the merits of Rimkus' Motion to Dismiss, so there is no reason why Plaintiff cannot respond immediately without it. Further, not only is the length of time that Plaintiff is seeking wholly unnecessary, Plaintiff's reason for failing to timely respond does not meet the required standard of excusable neglect. Therefore, Rimkus requests that Plaintiff's Motion for Leave to File Response Out of Time be denied. In further support of this Response, Rimkus states as follows:

## BACKGROUND FACTS

Plaintiff's lawsuit arises from its dissatisfaction with the results of an insurance claim it filed for wind and moisture damage that reportedly occurred to its facility from passing storms on November 23, 2018. (*See* Complaint, Doc. No. 1-1). Plaintiff reported the damage to its insurer, Catlin Specialty Insurance Company ("Catlin") who subsequently retained Engle Martin & Associates, LLC ("EMA") to adjust the claim. (Complaint ¶ 9). EMA hired Rimkus, a forensic engineering firm, to investigate and determine the cause and extent of the claimed damage. *Id*. at ¶ 10. Rimkus employee Lawrence L. Wedderstrand, P.E. performed the inspection of the facility and prepared the Report of Findings for the exclusive use of Catlin/EMA. Ultimately, Catlin denied the claim on the basis that the reported damage predated the policy period. (Complaint ¶ 13).

On December 20, 2019, Plaintiff Forest Tire & Auto, LLC ("Forest Tire") filed its Complaint in the Circuit Court of Smith County, Mississippi. (*See* Complaint). Plaintiff names as Defendants Catlin Specialty Insurance Company, Engle Martin & Associates, LLC, Rimkus Consulting Group, Inc., and Lawrence L. Wedderstrand, P.E. *Id*. at ¶¶ 2-5. Plaintiff asserts, against all Defendants, claims of bad faith refusal to pay, conspiracy, and negligent and/or intentional filing of a false insurance investigation report. (*Id*. at 5-7). Catlin properly removed the action to this Court on February 5, 2020. (*See* Notice of Removal, Doc. No. 1).

Defendant Rimkus timely filed a Motion to Dismiss (Doc. No. 7) on February 12, 2020. Plaintiff failed to respond to Rimkus' Motion to Dismiss by the February 26, 2020 deadline.

Following expiration of the deadline to respond, Plaintiff filed its Motion for Leave to File Response Out of Time ("Motion to File Late Response") on February 27, 2020.

## ARGUMENT AND AUTHORITIES

### I. Plaintiff's Motion to File Late Response Must Be Denied Because Plaintiff Has Failed to Show Excusable Neglect

Because Plaintiff missed its deadline to file a response to Rimkus' Motion to Dismiss, Plaintiff now seeks leave of Court to file a response out of time. Federal Rule of Civil Procedure 6(b)(1)(B) provides:

> (b) Extending Time.
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> …
> (B) on motion made after the time has expired if the party failed to act because of ***excusable neglect***.

FED. R. CIV. P. 6(b) (emphasis added). Thus, for Plaintiff to succeed on its Motion to File Late Response, it must establish good cause and ***excusable neglect***. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 392 (1993) (emphasis added); see also *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 896 (1990). It is the movant's burden to show "excusable neglect," and there is no discretion to grant a post-deadline extension absent a motion and showing of excusable neglect. *Tex. Hous. Agency v. Verex Assur., Inc.*, 176 F.R.D. 534, 536 (N.D. Tex. 1998), aff'd sub nom. *Tx Dept Hous. v. Verex Assur.*, 158 F.3d 585 (5th Cir. 1998); *Jones v. Cent. Bank*, 161 F.3d 311, 314 (5th Cir. 1998). Further, "even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 Fed. Appx 442, 443-44 (5th Cir. 2010).

Excusable neglect is an "elastic concept." *Pioneer Inv. Servs. Co.*, 507 U.S. at 392. The determination of what is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395. "Although inadvertence, ignorance

of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. Relevant factors in determining excusable neglect include: (1) the danger of prejudice to the nonmovant, (2) the length of the delay and its potential impact on the judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *See id*.; *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006).

### A. Plaintiff's Reason for the Delay is Not Excusable Neglect Under Fifth Circuit Precedent

Courts focus on the third factor "the reason for the delay," as it is the most important factor in the analysis. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003). *See also Hosp. del Maestro v. NLRB*, 263 F.3d 173, 175 (1st Cir. 2001) ("The four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import." (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000))). *Kretchmer* v. Eveden, Inc., No. CIV.A.3:07CV1068D, 2009 U.S. Dist. LEXIS 57291, at *4 (N.D. Tex. July 2, 2009) (the third factor "is perhaps the most important single factor"); *Inst. for Policy Studies v. U.S. Cent. Intelligence Agency*, 246 F.R.D. 380, 383 (D.D.C.2007) (finding no excusable neglect where first, second, and fourth Pioneer factors favored movant and third factor weighed against movant)

Plaintiff's explanation for the reason for the delay is because counsel "did not see the electronic notification of Rimkus' Motion to Dismiss" on February 12, 2020. (Pl.'s Mot. for Late Response ¶ 2). In essence, Plaintiff argues that counsel was unaware of the Rimkus Motion to Dismiss simply because counsel does not recall seeing the CM/ECF notification for the Rimkus Motion to Dismiss. Although Plaintiff's counsel does recall seeing the notification for the Court's

text-only order on February 12, 2020, counsel apparently never accessed the ECF docket until February 27, the day after the expiration of the response deadline. *Id*.

Difficulties with ECF or complying with local procedures are generally not an acceptable reason for delay. *See Fed'n of State Massage Therapy Boards v. Mendez Master Training Ctr.*, Inc., No. CV 4:17-02936, 2018 U.S. Dist. LEXIS 197508, at *7-8 (S.D. Tex. Nov. 20, 2018). *Cf. Dimmitt*, 407 F.3d at 23-24 (upholding a denial of an extension when counsel's reason for delay was, among other things, "inexperience with the requirements of the District Court," "unfamiliarity with the local rules," and "extreme difficulties with...perfecting his ECF participation").

Moreover, the Fifth Circuit has routinely concluded that calendaring errors do not constitute "excusable neglect." *See e.g., Brittingham v. Wells Fargo Bank, N.A.*, 543 Fed. Appx. 372, 374 (5th Cir. 2013) ("We have previously held that a district court does not abuse its discretion when it denies a Rule 60(b)(1)[1] motion where the proffered justification for relief is the careless mistake of counsel."); *Buckmire v. Mem'l Hermann Healthcare Sys. Inc.*, 456 Fed. Appx. 431, 432 (5th Cir. 2012) (affirming the district court's denial of Rule 60(b)(1) motion where the lawyer "forgot to 'calendar' the deadline for a response"); *Homelife in the Gardens, LLC v. Landry*, No. CV 16- 15549, 2018 U.S. Dist. LEXIS 1952, at *3 (E.D. La. Jan. 5, 2018).

In *Doe v. Marion Indep. Sch. Dist.*, the court held that failing to receive a CM/ECF notification, or confusion related to CM/ECF notifications due to multiple filings on the same day was not excusable neglect when the plaintiff failed to timely respond to the defendant's motion to dismiss. No. SA-17-CV-01114-OLG, 2019 U.S. Dist. LEXIS 1569, at *6 (W.D. Tex. Jan. 4, 2019). In *Doe*, the defendants filed two motions to dismiss on the same day; an original and a corrected

[1] Although in the instant case the applicable Rule is 6(b)(1)(B) and not 60(b)(1) of the Federal Rules of Civil Procedure, the standard for relief is the same for both rules, as both require a determination of whether there has been "excusable neglect." *See Pioneer Inv. Servs. Co.*, 507 U.S. at 391-92.

motion to dismiss. *Id*. at *2, n.1. The court's records reflected that electronic notice of the filings were sent to plaintiff's counsel that very same day. *Id.* at *2. The following day, the court dispatched a text order dismissing the defendant's original motion to dismiss as superseded by the corrected motion to dismiss. *Id.* at *4. Pursuant to the local rules, the plaintiff was required to respond to the motion within 14 days of the defendant's filing, which the plaintiff failed to do. *Id.* at *2. In the plaintiff's motion for leave to file a response out of time, the plaintiff argued that the court should find excusable neglect because the plaintiff's counsel allegedly did not receive a CM/ECF notification of the corrected motion to dismiss filed by the defendants, and there was confusion related to the CM/ECF notifications as a result of the multiple filings on the same day. *Id*. at *3. Essentially, the plaintiff argued that "the mistake of plaintiff's counsel was inadvertent and should be excused." *Id*.

Finding there was no excusable neglect, the court first noted that inadvertent errors due to calendaring and issues with electronic notifications do not constitute excusable neglect in the Fifth Circuit. *Id*. at 4, citing *Brittingham*, 543 Fed. Appx. at 374. Further, even if there was some issue with the CM/ECF notification for the motion to dismiss, it was unreasonable for plaintiff's counsel to claim ignorance of the corrected motion to dismiss while at the same time acknowledging receipt of the court's text order from the very next day. *Doe*, 2019 U.S. Dist. LEXIS 1569, at *4. Moreover, it was the counsel's responsibility to actively monitor the dockets of his or her active caseload. *Id*.

Plaintiff's argument for excusable neglect in the present case fails for the same reasons excusable neglect was not found in *Doe.* Just like the plaintiff's counsel in *Doe* who acknowledged receipt of the court's text-order but claimed not to have read or received the CM/ECF notification for the motion to dismiss, Plaintiff is also arguing that counsel read the Court's text-order on

February 12, but did not read the CM/ECF notification for the Rimkus' Motion to Dismiss issued that same exact day – and was therefore unaware of Rimkus' Motion to Dismiss. (Pl.'s Mot. for Late Response ¶ 2). Secondly, just as it was unreasonable for the plaintiff's counsel to claim ignorance of the defendant's motion while at the same time acknowledging receipt of the court's text-order the very next day, it is also unreasonable for Plaintiff's counsel to argue ignorance of Rimkus' Motion to Dismiss while also acknowledging receipt of this Court's text-order issued earlier that very same day. Confusion arising from multiple filings and multiple notifications on the same day is not excusable neglect.

As the court in *Doe* recognized, even if Plaintiff's counsel never received any CM/ECF notifications, it is counsel's responsibility to monitor the dockets of her caseload, and the failure to do so does not qualify as excusable neglect, especially considering that there were six more filings between the time Rimkus filed its Motion to Dismiss on February 12 and the subsequent deadline to respond on February 26. Failing to review or monitor the docket at least one time within that 14-day period in the wake of that activity simply cannot and does not constitute excusable neglect.

Ultimately, the *Doe* court found that ignorance of the existence of a motion due to confusion from multiple filings, multiple CM/ECF notifications, or even from not receiving a CM/ECF notification at all is not excusable neglect because it does not relieve counsel's responsibility to actively monitor the dockets of his or her caseload. Plaintiff counsel's ignorance of the existence of Rimkus' Motion to Dismiss because she did not see the CM/ECF notification is simply not excusable neglect. Therefore, this Court should deny Plaintiff's Motion for Late Response.

*Matheson Tri-Gas, Inc. v. Williamson Gen. Contractors, Inc*. presents another case where the plaintiff's counsel failed to respond to a dispositive motion. No. 2:16-CV-01303, 2019 U.S. Dist. LEXIS 139346, at *3 (W.D. La. Aug. 15, 2019). In *Matheson*, the defendant filed a motion for partial summary judgment. *Id*. at *2. On the same day that plaintiff filed its opposition to the motion for partial summary judgment, the defendant filed a second motion for summary judgment on the plaintiff's remaining claims. *Id*. The plaintiff failed to respond to the defendant's second motion for summary judgment within the required time. *Id*. at *3. The court thereafter treated the second motion for summary judgment as unopposed and granted defendant's motions for summary judgment. *Id*. Plaintiff sought relief under FED. R. CIV. P. 6(b)(1)(B) and 60(b) both of which require the same standard of excusable neglect. *Id*. at *4; *See Pioneer Inv. Servs. Co.*, 507 U.S. at 391-92. The plaintiff argued that its "failure to oppose the second motion for summary judgment was due to counsel's mistake in not recognizing that the new filing was an independent motion, rather than something filed in connection with the motion for partial summary judgment, filed the same day." *Matheson*, 2019 U.S. Dist. LEXIS 139346, at *3. In other words, the plaintiff's counsel was unaware that an independent dispositive motion requiring a response was filed.

Before denying the plaintiff's request for relief, the *Matheson* court briefly explained Fifth Circuit precedent on the standard of excusable neglect:

> Relief under Rule 60(b) is an extraordinary remedy that should only be granted in unusual or unique circumstances. *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985). The availability of such relief does not trump a party's duty of diligence, and the court would abuse its discretion if it were to grant relief when the only justification "is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) (citing *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991)). "Calendaring errors and mistakes about deadlines qualify as a careless mistake of counsel." *Rayford v. Karl Storz Endoscopy Am., Inc.*, 740 F. App'x 435, 437 (5th Cir. 2018)

> (collecting cases).
>
> *******
>
> Here the only justification for relief is counsel's error in not recognizing the filing of a second motion for summary judgment or filing a timely response. Under *Bohlin* and *Pryor*, then, the motion should be denied.
>
> *******
>
> Were [the court] to make an exception to the finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would disappear. *Pryor*, 769 F.2d at 288-89. Accordingly, there is no basis for departing from the Fifth Circuit's settled guidance under Rule 60(b) and Williamson is not entitled to relief from judgment in this matter based on counsel's error.

*Matheson*, 2019 U.S. Dist. LEXIS 139346, at *4, 7.

*Matheson* succinctly illustrates that under Fifth Court precedent, a counsel's error in failing to recognize the filing of a dispositive motion or failing to timely file a response does not constitute excusable neglect justifying relief. *Id*. In the present case, Plaintiff claims that although counsel received the CM/ECF notification for the court's text order, counsel did not see the notification for Rimkus' motion to dismiss. (Pl.'s Mot. for Late Response ¶ 2). In essence, Plaintiff, is making the same argument that failed in *Matheson*; that Plaintiff's counsel was unaware a dispositive motion had been filed. Under Fifth Circuit precedent, Plaintiff's explanation for failing to respond to a Rimkus' motion does not constitute excusable neglect. Because Plaintiff has not shown excusable neglect, this Court must deny Plaintiff's Motion for Late Response.

**B. The Length of the Delay Also Weighs Against Excusable Neglect**

Although Plaintiff's weak explanation for the delay is itself sufficient reason to deny Plaintiff's Motion for Late Response, the second factor delineated in *Pioneer*, the length of the delay and its potential impact on judicial proceedings, also supports denying Plaintiff's Motion. *Pioneer Inv. Servs. Co.*, 507 U.S. at 392.

In determining whether the delay was too long, the court should consider the degree to which the delay may disrupt the administration of the case. *In re ASARCO, LLC*, No. 05-21207, 2008 Bankr. LEXIS 2723, at *10 (Bankr. S.D. Tex. Oct. 3, 2008)). However, the evaluation of lateness should also take into account the [movant's] explanation for the delay, the third Pioneer factor." *Id*. at *3 (citing *In re Enron Corp.*, 419 F.3d 115, 128 (2d Cir. 2005)). Thus, a long delay… with a strong explanation might be more acceptable than a short delay with a weak explanation, even if both explanations are credible. *In re Enron Corp.*, 419 F.3d at 129.

First, it is difficult to quantify the length of Plaintiff's delay, because, Plaintiff is seeking the Court to extend its response deadline to some unascertainable point in the future. (Pl.'s Mot. for Late Response ¶ 4). Specifically, Plaintiff requests that its new response deadline be set for 10 days *after* it has completed remand-related discovery. *Id*. (emphasis added). If the Court were to grant Plaintiff's request (which it should not), Plaintiff will have had – in the very least – over 45 days to respond to a motion in which the local rules only allow 14 days. Plaintiff should not receive a windfall in time due to its own careless failure to monitor the docket.

Secondly, there is no reason why Plaintiff's response deadline should be affixed to its Motion to Allow Remand Related Discovery (Doc. No. 17). The arguments in Rimkus' Motion to Dismiss are entirely based on law and statements made within the four corners of Plaintiff's Complaint. Plaintiff does not need to conduct any form of discovery in order to respond to Rimkus' Motion to Dismiss. The mere fact that Plaintiff is advocating a new response deadline based off when "remand-related discovery" is completed indicates that Plaintiff's request for remand-related discovery is a guise for merits related discovery.

Regardless of what the final length of the delay comes to be, this factor should weigh against Plaintiff. Where an explanation is nonexistent, or not credible, both the reason for the delay

and the length of the delay factors might weigh in favor of the [nonmovant], even if the delay is, in absolute terms, quite short. *In re ASARCO*, 2008 Bankr. LEXIS 2723, at *11 (citing *In re Enron Corp.*, 419 F.3d 115, 129). This Court should weigh this factor against Plaintiff because, as discussed in Part A, supra, Plaintiff's reason for the delay is simply not credible. (*See supra* Part A).

However, even if this court were to weigh this factor in favor of the Plaintiff, the Motion for Late Response must still be denied. The most important factor in the excusable neglect analysis is the reason for the delay. (*See supra* Part A, pp. 3,4). Under Fifth Circuit precedent, Plaintiff's reason for failing to timely respond to Rimkus' Motion to Dismiss is simply not excusable neglect.

## **CONCLUSION**

Plaintiff has failed to meet its burden of proving excusable neglect. Under Fifth Circuit precedent, Plaintiff's failure to timely respond because its counsel was unaware that the Rimkus Motion to Dismiss had been filed is simply not excusable neglect. Even if Plaintiff never received a CM/ECF notification for the Rimkus Motion to Dismiss filing, it is Plaintiff counsel's duty to actively monitor the docket of her caseload. Because Plaintiff cannot meet its burden of proving excusable neglect, this court must deny Plaintiff's Motion for Late Response. Nevertheless, Rimkus is amenable to allowing Plaintiff a *brief* extension of time to respond to the Rimkus Motion to Dismiss.

WHEREFORE, above premises considered, Defendant Rimkus Consulting Group, Inc., requests that the Court deny Plaintiff's Motion for Late Response (Doc. No. 18).

Respectfully submitted this 12th day of March 2020.

By: /s/ *James C. Simpson, Jr.*
JAMES C. SIMPSON, JR.

**OF COUNSEL:**
Wise, Carter, Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS 39501
Telephone: (228) 867-7141
Facsimile: (228) 867-7142
jcs@wisecarter.com
**Counsel for Defendant Rimkus Consulting Group, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing pleading by causing a copy of same to be filed using the Court ECF system, which forwarded notice to all counsel of record as follows:

Ann R. Chandler
Pittman, Roberts & Welsh, PLLC
410 South President Street
P.O. Box 22985
Jackson, MS 38225
**Attorneys for Plaintiff**

Kyle S. Moran
Adam B. Harris
Phelps Dunbar LLP
2602 13th Street, Suite 300
Gulfport, MS 39501
**Attorneys for Catlin Specialty Insurance Co.**
**and Engle Martin & Associates. LLC**

Respectfully submitted this 12th day of March 2020.

By: /s/ *James C. Simpson, Jr.*
JAMES C. SIMPSON, JR.