UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FOREST TIRE & AUTO, LLC                                                                         PLAINTIFF

VS.                                                                CIVIL ACTION NO. 3:20-CV-72- DPJ-FKB

CATLIN SPECIALTY INSURANCE COMPANY;
ENGLE MARTIN & ASSOCIATES, LLC;
RIMKUS CONSULTING GROUP, INC.; AND
LAWRENCE L. WEDDERSTRAND                                                                   DEFENDANTS

ORDER

Plaintiff Forest Tire & Auto, LLC, seeks jurisdictional discovery in this insurance-coverage dispute. *See* Pl.'s Mot. [17]. Plaintiff hopes to determine whether Defendant Lawrence L. Wedderstrand was a Mississippi citizen when suit was filed. For the following reasons, the motion is granted.

I.      Background

Forest Tire & Auto says that on November 23, 2018, it discovered property damage caused by overnight storms. It filed an insurance claim for the alleged damage with its carrier, Catlin Specialty Insurance Company, which forwarded the claim to Engle Martin & Associates, LLC, for adjusting. Engle Martin secured the services of an engineering firm, Rimkus Consulting Group, Inc., which assigned the inspection to a structural engineer, Lawrence L. Wedderstrand. Catlin ultimately determined that the damage predated the policy period and denied the claim. Aggrieved by that decision, Forest Tire & Auto sued Catlin, Engle Martin, Rimkus, and Wedderstrand in state court. Catlin then removed the case based on diversity jurisdiction, asserting that the Complaint incorrectly identified Wedderstrand as a diversity-spoiling Mississippi citizen. Not. of Removal [1]. According to Catlin, Wedderstrand moved to

Colorado two months before Plaintiff filed suit. *Id.* at 2. Catlin alternatively asserts improper joinder. *Id.* at 2 n.1.

II.     Standards

"District courts enjoy 'broad discretion in all discovery matters' and 'such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.'" *Box v. Dall. Mexican Consulate Gen.*, 487 F. App'x 880, 884 (5th Cir. 2012) (quoting *Alpine View Co. Ltd. v. Atlas Copco AB,* 205 F.3d 208, 220 (5th Cir. 2000)). Regarding remand-related discovery, the Court "should determine whether it has subject[-]matter jurisdiction at the earliest possible stage in the proceedings," but "some jurisdictional discovery may be warranted if the issue of subject[-]matter jurisdiction turns on a disputed fact." *In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012). Remand-related discovery should occur only "on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

III.    Analysis

Federal courts are courts of limited jurisdiction. In this case, Defendants Catlin and Rimkus assert that federal diversity jurisdiction exits under 28 U.S.C. § 1332(a)(1). That statute states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* Diversity jurisdiction requires complete diversity between all named plaintiffs and all named defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). And it must exist both when the plaintiff sues in state court and when the defendant removes the case to federal court. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

In this case, the parties dispute whether Wedderstrand was a citizen of Mississippi or Colorado at these key times. According to Wedderstrand's affidavit, he moved to Colorado on or about October 30, 2019. If true, then he would be a diverse party because Forest Tire & Auto, a Mississippi LLC, filed suit in state court on December 20, 2019, and Catlin removed the case February 5, 2020.

Wedderstrand does not say where he lived before moving to Colorado. *See* Wedderstrand Aff. [1-2]. But Defendants do not suggest that he lived somewhere other than Mississippi before his alleged move. "There is a presumption in favor of the continuing domicile which requires the party seeking to show a change in domicile to come forward with enough evidence to that effect to withstand a directed verdict." *Coury*, 85 F.3d at 250 (citation omitted).

> A change in domicile typically requires only the concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely; or, as some courts articulate it, the absence of any intention to go elsewhere . . . . Thus, a person who has the clear intent to change domicile does not accomplish the change until he is physically present in the new location with that intent.

*Id.* (citations omitted).

In his affidavit, Wedderstrand dutifully tracks this test. Indeed, his substantive declarations say nothing more:

> 2. On or about October 30, 2019, I moved to the State of Colorado, where I now live and reside.
>
> 3. From October 30, 2019, through the present, I have maintained my residence in the State of Colorado with the intent to remain a resident in the State of Colorado indefinitely.

Wedderstrand Aff. [1-2] at 1.

Forest Tire & Auto says this is not enough and that discovery is necessary because "[w]hen jurisdiction has been challenged, a mere allegation of citizenship is insufficient to prove jurisdiction." Pl.'s Mem. [16] at 3 (quoting *Guerrero v. State Farm Mut. Auto. Ins. Co.*, 181

3

F.3d 97 (5th Cir. 1999)).[1] Although Forest Tire & Auto correctly quotes *Guerrero*, the opinion clearly addresses bald assertions of jurisdiction where "no evidence . . . is adduced by the party seeking to invoke it." *Id.* (collecting cases). Here, Wedderstrand's affidavit is competent record evidence.

Defendants, on the other hand, cite two district court cases as establishing that no discovery is permissible when the disputed party offers an affidavit claiming diverse citizenship. *See, e.g.*, Rimkus Resp. [25] at 3–4 (citing *Brown v. Firestone Complete Auto Care*, No. 5:10-CV-0036-DCB-JMR, 2010 WL 4666059 (S.D. Miss. Nov. 9, 2010); *Williams v. N. Hill Square Apartments*, No. 3:08-CV-672-DPJ-JCS, 2010 WL 1416154 (S.D. Miss. Apr. 7, 2010)). According to Rimkus, "[i]f the declaration in *Brown* and the affidavits containing short statements of citizenship in *Williams* are sufficient for diversity purposes, then clearly the Wedderstrand Affidavit is also sufficient to establish his citizenship in Colorado." Rimkus Resp. [25] at 5.

This too overstates things. To begin, the plaintiff in *Brown* filed a motion to remand, or alternatively for discovery, before the defendant produced the declaration. *Brown*, 2010 WL 4666059 at *2. The court's order does not state whether the plaintiff thereafter requested discovery, and there is no discussion of the discovery request. *Id. Williams* is likewise unhelpful. A review of the Court's own docket shows that the *Williams* plaintiffs sought remand after discovery and made no request for remand-related discovery. *See generally Williams*, No. 3:08-CV-672-DPJ-JCS. The Court never addressed this issue.

---

[1] Going forward, the parties are instructed to use the official reporter cites, when available, rather than LEXIS cites.

Ultimately, the Court concludes that the parties' categorical approaches fail to fully account for the complexities of the citizenship question. A district court determining whether domicile has changed "is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Coury*, 85 F.3d at 249 (citing *Jones v. Landry*, 387 F.2d 102 (5th Cir. 1967); 1 James Wm. Moore, et al., Moore's Federal Practice § 0.74[1] (1996)). Moreover, "[t]he court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction." *Id.* (citing *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081 (5th Cir. 1975)). Finally, the Court must address a variety of factors in considering a party's citizenship. Significantly,

> [n]o single factor is determinative. The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family. A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts.

*Id.* at 251 (citations omitted); *see also Bradford v. Securian Fin. Grp., Inc.*, No. 1:19-CV-112-LG-RHW, 2019 WL 2053985 at *2 (S.D. Miss. May 9, 2019) (same).

While Wedderstrand's affidavit tracks the basics and states his alleged intent, it offers little else from which the Court could weigh these issues. As noted, "some jurisdictional discovery may be warranted if the issue of subject[-]matter jurisdiction turns on a disputed fact." *In re MPF Holdings US LLC*, 701 F.3d at 457. There is a disputed fact, so the Court will allow discovery.

That said, discovery must be carefully tailored, and the Court finds that Wedderstrand's deposition—limited to his citizenship—should be enough to answer the question. Forest Tire &

5

Auto is therefore granted leave to depose Wedderstrand in the next 30 days. Defendants shall cooperate in facilitating that deposition.[2]

Finally, because Plaintiff is the movant and is entitled to the final word, the Court will allow the removing Defendants to file supplemental responses to the Motion to Remand 21 days after the deposition is taken. Plaintiff may then file its rebuttal seven days later.

IV. Conclusion

For the stated reasons, the Court grants Plaintiff's Motion for Discovery [17].

**SO ORDERED AND ADJUDGED** this the 16th day of April, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court recognizes that Wedderstrand claims to be in Colorado, whereas counsel reside in Mississippi and Texas. Due to the novel Coronavirus pandemic, it would be imprudent to force anyone to travel. Accordingly, if Plaintiff wishes to depose Mr. Wedderstrand, it may do so by video conference.